**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN VASQUEZ,

                Petitioner,                   Case Number: 13-10125
                                                Honorable Mark A. Goldsmith

v.

CINDI CURTIN,

                Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN**
**ABEYANCE AND ADMINSTRATIVELY CLOSING CASE**

       Petitioner Jonathan Vasquez is a state inmate incarcerated at the Oaks Correctional

Facility in Manistee, Michigan, pursuant to convictions for second-degree murder and armed

robbery.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

claiming that his sentence was involuntary, that he is innocent and that his sentence was not

individualized.  At the same time he filed the petition, he filed a motion to hold habeas petition in

abeyance.  Petitioner seeks a stay because he recently discovered additional constitutional claims

that have not been exhausted in state court.

       State prisoners must exhaust available state remedies for each of the claims presented in a

habeas petition before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).

Petitioner states that, while all of the claims presented in his habeas corpus petition have been

exhausted, he would like the petition stayed while he returns to state court to exhaust additional

claims.  A federal court may stay a federal habeas petition and hold further proceedings in

abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a

habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Petitioner concedes that the pending petition was filed beyond the one-year limitations period, but argues that he is entitled to equitable tolling. If and when Petitioner returns to this Court to reopen these proceedings, the Court will decide whether the petition is timely and, if not, whether equitable tolling is warranted. The Court finds that outright dismissal of the petition would, absent equitable tolling, jeopardize the timeliness of any future habeas petition.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered. Specifically, he claims that his attorney rendered ineffective assistance, that an inadequate foundation was established for his plea, and that he is actually innocent.

The Supreme Court did not define "good cause" in Rhines, nor has the Sixth Circuit Court of Appeals done so. See Bates v. Knab, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), *citing* Hnatiuk v. Trombley, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the Rhines good cause requirement is less stringent than the good cause showing required in the context of procedural default. See Lockridge v. Ludwick, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under Rhines is something less than the cause needed to excuse a procedural default"); Bryant v. Greiner, 2006

WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in Rhines does not require a showing of "extraordinary circumstances").

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered. Courts have found the "good cause" standard satisfied where unexhausted claims are based on recently discovered evidence. See Midgett v. Curtin, 2010 WL 457459, *1 (E.D. Mich. Feb. 8, 2010) (holding petitioner's contention that unexhausted claims were not presented in state court because they were newly discovered sufficient to satisfy Rhines "good cause" requirement); Reed v. Wolfenbarger, 2009 WL 3059135, *3 (E.D. Mich. Sept. 21, 2009) (same); Henderson v. Bell, 2009 WL 1923527, *1 (E.D. Mich. July 9, 2009) (same); Leonardos v. Buddress, 2007 WL 1174825, * 3 (N.D. Cal. Apr.19, 2007) (granting stay and finding "good cause" under Rhines, in part, because petitioner's unexhausted claims were based on recently discovered evidence and "newly discovered evidence weighs in favor of finding good cause"); Lugo v. Kirkland, 2006 WL 449130, *4 (N.D. Cal. Feb.22, 2006) (granting stay of petition under Rhines, in part where petitioner demonstrated "good cause" by showing that new claims were discovered after state appeal process concluded and petitioner had filed federal petition). The Court finds that Petitioner has asserted good cause for failing previously to present these claims.

The Court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In Rhines, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in

conclusory fashion without weighing or even considering the evidence. See Anthony v. Palmer, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); Wengorovius v. Scutt, 2009 WL 2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); Wright v. Trombley, 2007 WL 4181316, *3 (E.D. Mich. Nov. 27, 2007) (same).  See also Woodson v. Smith, 2010 WL 3781579, *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); Cueto v. McNeil, 2010 WL 1258065, *16 (S.D. Fla. March 12, 2010) (collecting cases). In Bartelli v. Wynder, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005), the District Court for the Eastern District of Pennsylvania held that a petitioner's unexhausted claims were not plainly meritless because they alleged a  violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.

A violation of the right to the effective assistance of counsel raises a constitutional claim. Thus, at least one of Petitioner's claims, if supported by sufficient evidence, is not plainly meritless.

Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics.  Therefore, the Court stays further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.  To ensure that Petitioner does not delay in exhausting his state

court remedies, the court imposes upon Petitioner time limits within which he must proceed.  See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  See id.  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  See id.  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  Palmer, 276 F.3d at 781 (internal quotation omitted).

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Stay is **GRANTED**. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this Order and a motion to lift the stay and amended petition in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


Dated:  February 6, 2013                    s/Mark A. Goldsmith
     Flint, Michigan                    MARK A. GOLDSMITH
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2013.

                         s/Deborah J. Goltz
                         DEBORAH J. GOLTZ
                         Case Manager