UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN VASQUEZ,

        Petitioner,

                                      Case No. 13-cv-10125

v.

                                        HON. MARK A. GOLDSMITH

THOMAS MACKIE,

        Respondent.

_____/

**OPINION AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 8), DECLINING TO**
**ISSUE CERTIFICATE OF APPEALABILITY, GRANTING PETITIONER LEAVE TO**
**PROCEED IN FORMA PAUPERIS ON APPEAL, AND DENYING PETITIONER'S**
**MOTIONS (Dkts. 10, 18)**

Petitioner Jonathan Vasquez filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for second-degree murder and assault with intent to rob while armed on the grounds that his plea was involuntary, and that he received ineffective assistance from both trial and appellate counsel. Respondent argues that the ineffective assistance of appellate counsel claim is barred by the one-year statute of limitations and that the remaining claims are procedurally defaulted and/or meritless. For the reasons discussed fully below, the Court denies the petition.

## I. BACKGROUND

Vasquez's convictions arise from the stabbing death of Rudy Trejo and the stabbing of Emma Vasquez, in Detroit, on August 11, 2008. Petitioner was charged with first-degree felony murder, armed robbery, and assault with intent to rob while armed. On November 19, 2008, Vasquez pleaded guilty to the lesser offense of second-degree murder and assault with intent to rob while armed. See generally 11/19/2008 Plea Tr. (Dkt. 16-4). In exchange for the plea, the

1

prosecutor dismissed the armed robbery charge.  Id. at 4.  The pleas were entered pursuant to a Cobbs evaluation that Petitioner would be sentenced to concurrent terms of 22-to-40 years' imprisonment for both charges.  Id. at 3-4; see People v. Cobbs, 505 N.W.2d 208 (Mich. 1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation).  On December 9, 2008, the trial court sentenced Petitioner in accordance with the Cobbs evaluation to concurrent terms of 22-to-40 years' imprisonment.  See 12/9/2008 Sentencing Tr. at 15-16 (Dkt. 16-5).

Petitioner filed a motion to withdraw his plea.  See Def. Mot. at 2-8 (cm/ecf pages) (Dkt. 16-6).  Following a hearing, the trial court denied the motion.  7/31/2009 Motion Hr'g Tr. at 10-11 (Dkt. 16-7).  Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims: (i) defendant should be permitted to withdraw plea because it was involuntary and he is innocent; and (ii) sentence is invalid because it was not individualized.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  People v. Vasquez, No. 292733 (Mich. Ct. App. Aug. 3, 2009) (Dkt. 16-11).  The Michigan Supreme Court also denied leave to appeal.  People v. Vasquez, 775 N.W.2d 775 (Mich. 2009).

Petitioner then filed a habeas corpus petition (Dkt. 1) and a motion to stay (Dkt. 3).  The Court granted the motion to stay to allow Petitioner to return to state court to exhaust unexhausted claims.  2/6/2013 Order (Dkt. 7).

Petitioner filed a motion for relief from judgment in the state trial court, raising these claims: (i) insufficient factual basis for plea; (ii) plea was involuntary because Petitioner was not informed of the elements of each of the charged crimes; (iii) plea was involuntary because it was

2

based on false, misleading and coercive information provided by counsel; (iv) plea was involuntary because Petitioner was not informed a conviction required a unanimous verdict; and (v) ineffective assistance of counsel. See Pet'r Mot. at 2-5 (cm/ecf pages) (Dkt. 16-8). The trial court denied the motion, see 11/4/2013 Op. & Order (Dkt. 16-9), and both Michigan appellate courts denied Petitioner's applications for leave to appeal. People v. Vasquez, No. 321563 (Mich. Ct. App. June 23, 2014) (Dkt. 16-13); People v. Vasquez, 861 N.W.2d 26 (Mich. 2015).

Petitioner then returned to this Court with an amended petition (Dkt. 8), and this proceeding was reopened, see 6/26/2015 Op. & Order (Dkt. 11). The petition raises these claims:

    i.    Petitioner's plea was involuntary in violation of his due process rights because his attorney provided false, misleading, and coercive information.

    ii.    Petitioner received ineffective assistance of counsel when his attorney never informed him of the elements of the crimes to which he pled guilty.

    iii.    Petitioner was prejudiced by ineffective assistance of appellate counsel on appeal.

Pet. at 4.

Respondent has filed an answer to the petition (Dkt. 15), arguing that the third claim is untimely, that a portion of the first claim and the entire second claim are procedurally defaulted, and that all of the claims are meritless.

The statute of limitations does not constitute a jurisdictional bar to habeas review; a federal court can, in the interest of judicial economy, proceed to the merits of a habeas petition. See Smith v. State of Ohio Dep't of Rehab., 463 F.3d 426, 429, n.2 (6th Cir. 2006). Simply put, the Court need not resolve the dispute over the timeliness of Petitioner's third claim. Assuming

without deciding that this claim was timely, the petition fails on the merits.  See Ahart v. Bradshaw, 122 F. App'x 188, 192 (6th Cir. 2005).

Respondent also argues that certain of Petitioner's claims are procedurally defaulted. The Court finds it unnecessary to address the question of procedural default.  It is not a jurisdictional bar to review of the merits of an issue, Howard v. Bouchard, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)).  Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405-406 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  Id. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system."  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt."  Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted).  A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id. (citation omitted).  Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id.  Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA.  See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be."  Harrington, 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely

bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents.  Id.  Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  Id.  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law."  Woodford v. Viscotti, 537 U.S. 19, 24 (2002).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington, 131 S. Ct. at 786-787.

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

## IV.  ANALYSIS

### A.  Petitioner's Motions

Petitioner has filed two motions.  First, he seeks equitable tolling of the limitations period (Dkt. 10).  As discussed above, the interests of judicial economy are best served by addressing the merits of Petitioner's claims.  Therefore, the Court denies the motion for equitable tolling as moot.

Second, Petitioner has filed a motion seeking oral argument, an evidentiary hearing, and asking the Court to not publish the details of his case (Dkt. 18).  A federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas

6

petition.  See, e.g., Haskell v. Berghuis, 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010).  The Court finds oral argument is not necessary to resolve the petition.

With regard to Petitioner's request for an evidentiary hearing, the "AEDPA restricts the availability of federal evidentiary hearings.  For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time."  Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012).  On direct review, the Michigan Court of Appeals denied Petitioner's claims that his plea was involuntary because it was the result of his attorney's coercive tactics and that he is innocent "for lack of merit in the grounds presented."  People v. Vasquez, No. 292733 (Mich. Ct. App. Aug. 3, 2009) (Dkt. 16-11).  On collateral review, the state trial court determined that Petitioner's plea was voluntary and that he did not receive ineffective assistance of trial or appellate counsel.  11/4/2013 Order (Dkt. 16-9).  Because the state courts adjudicated the merits of Petitioner's claims, this Court is limited to the record that was before the state court.  Cullen v. Pinholster, 563 U.S. 170, 180 (2011).  Accordingly, the Court denies the request for an evidentiary hearing.

Finally, Petitioner asks the Court not to publish the details of his case, because he maintains this would place him in great danger from other prisoners.  The Court has not designated this as a published opinion.  Therefore, this request is moot.

**B.  Merits**

### 1.  Voluntariness of Plea

In his first claim for relief, Petitioner argues that his plea was involuntary because his attorney wrongfully informed him that he had no viable defenses, he would be sentenced to life

imprisonment if he did not enter a plea, and that the court would only accept a plea if Petitioner falsely stated that he knew someone would be killed during the robbery.

To be valid, a guilty plea must be voluntarily and intelligently made.  Brady v. United States, 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  Id. at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  Id. at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  Id. at 755, 757.  "[T]he decision whether or not to plead guilty ultimately rests with the client." Lyons v. Jackson, 299 F.3d 588, 598 (6th Cir. 2002).

On direct appeal, Petitioner raised his claim that counsel incorrectly advised him that he would receive life in prison if he did not plead guilty and coerced him into saying that he had knowledge of his co-defendant's willingness to use a knife and that he was willing to use the screwdriver he carried.  The Michigan Court of Appeals denied the claim on the merits in a summary order.  The Court must apply AEDPA deference to the state court's decision. Harrington, 562 U.S. at 98-99.  The trial court also addressed Petitioner's voluntariness claim when it denied his motion for relief from judgment and denied the claim.  The trial court found that the arguments advanced by Petitioner to support this argument were conclusory and contrary to the record.  See 11/4/2013 Op. & Order at 6-10 (Dkt. 16-9).  The trial court noted that the nature of the crimes to which Petitioner pleaded guilty and the rights that would be waived by entry of a plea were carefully explained to Petitioner.  The trial court concluded that Petitioner's plea was knowingly and voluntarily entered.  Id.

Before accepting Petitioner's plea, the trial court advised him of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises, other than those stated on the record, had been made to Petitioner, and that nobody had threatened him to force him to enter the plea. Petitioner represented that he understood the terms of the plea agreement. During the plea proceeding, Petitioner initially denied knowing whether his co-defendant was willing to use the knife Petitioner knew he carried. Petitioner also denied intending to use the screwdriver that he carried. After a recess, Petitioner testified that he knew that his co-defendant was prepared to use a knife and that he was prepared to use the screwdriver as a weapon. He also admitted that he stabbed Emma Vasquez several times when he tried to rob her.

The Court finds no evidence in the record that Petitioner's did not understand the plea or that he was entering a plea against his will. The plea colloquy shows that Petitioner was well-informed about the charges, the terms of the plea agreement, the rights waived by entry of a plea, and the consequences of the plea. Therefore, the state court's finding that the plea was voluntary is not contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the Court denies habeas relief on this claim.

### 2. Ineffective Assistance of Trial Counsel

Petitioner next argues that his trial attorney was ineffective in failing to advise him of the elements of second-degree murder, thus rendering his guilty plea involuntary. He claims that had he been informed that one of the elements of second-degree murder was the intent to cause the death of another, he would not have pleaded guilty because he did not have the requisite intent.

The two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel.  <u>Towns v. Smith</u>, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  <u>Strickland</u>, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  <u>Id</u>. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id</u>. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  <u>Id</u>. at 689.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Strickland</u>, 466 U.S. at 687.  The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable."  <u>Id</u>. at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-59

(1985).  The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  Id. at 59.  The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id.; see also Smith v. United States, 348 F.3d 545, 551-52 (6th Cir. 2003).

Prior to entering a plea, a defendant must be provided "adequate notice of the nature of the charge against him," or there must be "proof that he in fact understood the charge." Henderson v. Morgan, 426 U.S. 637, 645 (1976).  A trial court is not required to inform a defendant of the elements of a crime, "so long as 'the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.'"  Williams v. Wolfenbarger, 513 F. App'x 466, 470 (6th Cir. 2013) (quoting Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005)).  Even absent a clear showing on the record, the Court "presume[s] . . . counsel did in fact explain the nature of the offense to the defendant."  Id. (citing Henderson, 426 U.S. at 647).

In this case, the trial court denied Petitioner's ineffective assistance of counsel claim on collateral review, finding that counsel provided Petitioner with the "appropriate information." 11/4/2013 Op. & Order at 11.  In support of his claim, Petitioner provides his own affidavit stating that "no one told me about . . . the elements of the crime."  Pet. at 77 (cm/ecf page) (Dkt. 8).  This conclusory claim is insufficient to show that counsel did not explain the nature of the offense to Petitioner.  Moreover, the record shows that Petitioner admitted facts establishing each element of second-degree murder.  Under Michigan law, the elements of second-degree murder are: (i) a death; (ii) caused by an act of the defendant; (iii) with malice; and (iv) without justification.  People v. Mendoza, 664 N.W.2d 685, 689 (Mich. 2003).  Malice is "the intent to

11

kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." People v. Goecke, 579 N.W.2d 868, 878 (Mich. 1998). Malice may be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm, and it also may be inferred from the use of a deadly weapon. Id. at 879 n.29. "The requisite intent for conviction of a crime as an aider and abettor is that necessary to be convicted of the crime as a principal." People v. Mass, 628 N.W.2d 540, 548 (Mich. 2001). An aider and abettor's state of mind may be inferred from the facts and circumstances, including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. People v. Carines, 597 N.W.2d 130, 135-136 (Mich. 1999).

Here, Petitioner admitted to joining his co-defendant in two attempted robberies while his co-defendant was armed with a knife and he was armed with a screwdriver. He admitted that one of the incidents, that involving Emma Vasquez, resulted in Petitioner stabbing her with a knife. The facts to which Petitioner admitted during his plea hearing were sufficient to establish the elements of second-degree murder under an aider and abettor theory. All of this supports a finding that Petitioner was aware of the elements of the crime to which he pleaded guilty. Given the record as a whole, Petitioner has not shown that the trial court's decision that his attorney informed him of all relevant information prior to Petitioner entering his plea is contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the Court denies habeas relief on this claim.

### 3. Ineffective Assistance of Appellate Counsel

Finally, Petitioner argues that his appellate attorney was ineffective in failing to raise the claims raised in this petition on direct appeal. He raises this claim in an attempt to excuse the anticipated procedural default of his habeas claims. As it did with Petitioner's other claims, this Court now addresses the merits of this claim, rather than undertake a procedural-default analysis.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims raised on collateral review and in his habeas petition. Petitioner has failed to show that any of these claims were potentially meritorious. Therefore, he cannot show that his appellate attorney was ineffective for failing to raise them on direct appeal.

### C.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists

would find the district court's assessment of the constitutional claim debatable or wrong.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that . . .  jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El</u>, 537 U.S. at 327.  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  <u>Id</u>. at 336-337.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; <u>Castro v. United States</u>, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied.  Accordingly, a certificate of appealability is not warranted in this case.

### D.  Leave to Proceed <u>In Forma Pauperis</u>

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed <u>in forma pauperis</u> is a lower standard than the standard for certificates of appealability. <u>Foster v. Ludwick,</u> 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing <u>United States v. Youngblood</u>, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant <u>in forma pauperis</u> status if it finds that an appeal is being taken in good faith.  <u>Id.</u> at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  <u>Foster</u>, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not

frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal.  Id. at 764-765.

## V.  CONCLUSION

For the reasons stated above, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.  The Court also denies Petitioner's motion for equitable tolling (Dkt. 10), and motion for oral argument, evidentiary hearing, and requesting that details of this case not be published.  (Dkt. 18).

SO ORDERED.


Dated:  February 22, 2016                           s/Mark A. Goldsmith_____
            Detroit, Michigan                            MARK A. GOLDSMITH
                                                                United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2016.

                                                          s/Karri Sandusky_____
                                                          Case Manager